United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 24-13538-djb |
| Russell Kauffman | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 1 |
| Date Rcvd: May 20, 2025 | Form ID: pdf900 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 22, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Russell Kauffman, 12120 Sweet Briar Rd, Philadelphia, PA 19154-1714 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 22, 2025      Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 20, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| DENISE ELIZABETH CARLON | on behalf of Creditor Deutsche Bank National Trust Company as Indenture Trustee, for New Century Home Equity Loan Trust 2005-2 bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| MICHAEL A. CIBIK | on behalf of Debtor Russell Kauffman help@cibiklaw.com noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Russell Kauffman, | : | Chapter 13 |
| | : | |
| | : | |
| Debtor. | : | Bky. No. 24-13538 (DJB) |

# O R D E R

AND NOW, upon consideration of the Application for Compensation (doc. #34, the "Application") filed by Michael A. Cibik (the "Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of $4,725.00 for legal services provided to the Debtor in this Chapter 13 case;

AND this bankruptcy case having been dismissed on April 18, 2025;

AND, upon the Applicant's certification that proper service has been made on all interested parties;

AND, upon the Applicant's certification of no response;

AND, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which. . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original);

AND, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional

representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

AND, in reviewing the time records submitted by the Applicant and the services provided in this case, the court concluding that a reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART AND DENIED IN PART.**

2. Compensation is allowed in favor of the Applicant in the amount of **$2,750.00**. See L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a hearing).

3. The Chapter 13 Trustee is therefore authorized to distribute to the Applicant the allowed compensation $2,750.00, less any amounts paid by the Debtor prepetition, as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B).

---

[1] Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976) (en banc)).

[2] After reviewing the time records and case docket, I am unpersuaded that a fee of $4,750.00 is a reasonable amount to charge for representation of the interests of the Debtor.

The docket does not reflect substantial work or benefit to the debtor during the case that would merit a fee as high as the relevant no-look fee. The debtor remained in bankruptcy for only seven (7) months. No plan was amended or confirmed, and motions for stay relief and to dismiss were granted without objection by the debtor.

I have therefore reduced Counsel's fee by approximately 40%, to a fee of $2,750.00. Such an approach permits the court to avoid becoming enmeshed in an overly cumbersome or disproportionate line-by-line fee review given the size of this case and the stakes involved. See Busy Beaver, 19 F.3d at 845 ("Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled").

4. Cause exists within the meaning of 11 U.S.C. §349(b)(3) and the Trustee is directed to distribute the funds in his possession derived from the pre-confirmation chapter 13 plan payments of the Debtor(s) to pay the allowed compensation.

Date: May 20, 2025

_____
DEREK J. BAKER
U.S. BANKRUPTCY JUDGE